UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL E. NAGEL,

                     Petitioner,

v.                                                  Case No. 10-CV-514-JPS

UNITED STATES OF AMERICA,

                     Respondent.                   ORDER

On June 6, 2008, this court sentenced petitioner Michael Nagel ("Nagel") to the mandatory minimum term of 120 months of imprisonment after he pled guilty to attempting to entice a minor to engage in a criminal sexual act in violation of 18 U.S.C. § 2422(b). Nagel then appealed his sentence to the Seventh Circuit Court of Appeals. *United States v. Nagel,* No. 08-2535 (7th Cir. 2009). The Court of Appeals rejected Nagel's contentions that the district court's sentence violated the Fifth and Eighth Amendments to the United States Constitution because it was not subject to a "safety valve" allowing for a sentence below the mandatory minimum. As a consequence, on March 24, 2009, the Seventh Circuit affirmed Nagel's sentence and the district court's order rejecting defendant's constitutional challenges. Nagel did not file a petition for certiorari in the United States Supreme Court. On June 18, 2010, Nagel filed the present motion to vacate, set aside, or correct the sentence he is serving, pursuant to 28 U.S.C. § 2255. For the reasons stated below the court is obliged to deny the motion.

DISCUSSION

Section 2255 permits a federal prisoner to challenge his conviction on grounds "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. In his motion, Nagel argues that

his trial lawyer rendered ineffective assistance of counsel by: (1) failing to investigate a diminished capacity or insanity defense on his behalf; and (2) failing to move for dismissal of the indictment at the outset of the case on the ground that "no federal crime has been charged."

To succeed on an ineffective assistance of counsel claim, a habeas petitioner must prove: 1) his attorney's performance fell below an objective standard of reasonableness; and 2) he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 688, 687-88, 693 (1984)). The reasonableness of an attorney's performance is measured under prevailing professional norms. *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). A court's review of counsel's performance is "highly deferential" and a petitioner must overcome the presumption that an attorney's challenged act or omission may be considered sound trial strategy. *Id.* at 891. Further, even if counsel's performance was deficient, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694).

Nagel first claims that his defense counsel "knew or should have known" that a diminished capacity or insanity defense was "favorably available." (Movant's Mem. at 3) (Docket #4). Nagel asserts that had his counsel investigated and pursued such defenses more thoroughly, he would not have entered a guilty plea. (*Id.*). Thus, Nagel argues he has been prejudiced by this failure.

A defendant can establish legal insanity only if he can prove by clear and convincing evidence that: (1) he suffered from a severe mental disease or defect; and (2) his severe mental disorder rendered him unable at the time of the crime to appreciate the nature and quality or the wrongfulness of his

acts. 18 U.S.C. § 17; *see also United States v. Shlater*, 85 F.3d 1251, 1257 (7th Cir. 1996). Additionally, a "diminished capacity" defense would require proof that the defendant was somehow incapable of forming the requisite intent to commit the crime of attempted child enticement. *United States v. Fazzini*, 871 F.2d 635, 641 n. 5 (7th Cir. 1989).

In arguing that his trial counsel should have been on notice that an insanity or diminished capacity defense was viable, Nagel points to a forensic evaluation that was performed by David W. Thompson, Ph.D., at the request of defense counsel, in April of 2008. (Movant's Mem., Ex. 1). According to Nagel, the following items ought to have prompted his defense attorney to question Nagel's insanity or capacity at the time of the offense: (1) his mother reported that he was "briefly involved with another youth and was involved in inappropriate behavior"; (2) he denied accessing internet pornography sites on a regular basis, when the evidence clearly demonstrated the contrary; (3) his IQ score was within the very low average range of intelligence; (4) he exhibited personality characteristics that could bring him into conflict with the law; (5) he suffered from psychiatric disorders; and (6) he tended to be socially withdrawn. (Movant's Mem. at 3).

The court cannot say that, under prevailing professional norms, these factors, alone or in combination, should have alerted defense counsel to the viability of an insanity or diminished capacity defense. For instance, proof that a defendant had a mental disorder is not enough to establish legal insanity. The law requires that the mental disorder be severe. *United States v. Salava,* 978 F.2d 320, 322 (7th Cir. 1992). In this case, although the forensic examiner noted Nagel suffered from psychiatric disorders, the examiner also concluded that "Mr. Nagel's MMPI-2 performance did not suggest the presence of a significant psychiatric disorder." (Movant's Mem., Ex. 1 at 4).

What is more, the factors cited by Nagel could easily describe any number of offenders within the criminal justice system. Thus, it is more than a stretch to argue that a reasonable practitioner in Nagel's attorney's shoes would have evaluated the significance of these factors differently. Quite simply, the forensic report submitted by Nagel is not enough to support his assertions of ineffective assistance of counsel. The factors that Nagel asserts should have served as "insanity defense" red flags do not even begin to show that he was rendered unable, by way of a severe mental disease or defect, to appreciate the nature of his conduct or that he was incapable of forming the requisite intent to commit the crime of attempted child enticement. Indeed, as argued by the respondent, the evidence in the defendant's criminal case – the extensive chat logs between Nagel and fourteen year old "Maria" (actually an undercover police officer) – tends to support the fact that Nagel was a purposeful individual with unusual sexual interests who knew what he wanted and knew that sexual contact with a minor was a criminal offense. (Gov't's Resp. at 5) (citing Plea Agreement, ¶ 5, Case No. 07-CR-212). In the end, defense counsel's trial strategy is entitled to considerable deference, and Nagel has not established that his attorney's failure to pursue an insanity or diminished capacity defense was unreasonable.

Nagel's second ground for relief argues that he received ineffective assistance because of his counsel's failure to move for dismissal of the indictment at the outset of the case on the ground that "no federal crime has been charged." Nagel argues that "no federal crime [was] charged" because the facts of the case show that he chatted online with an undercover police officer and not an actual or "real" fourteen-year old girl. (Movant's Mem. at 5).

The Seventh Circuit has held that a prosecution for attempted child enticement may be predicated upon an undercover operation in which a law enforcement officer poses as a minor, or upon any set of facts in which the defendant's intention is to entice a minor, whether or not he is mistaken about the person's age. *United States v. Cote*, 504 F.3d 682 (7th Cir. 2007). This holding was well-established at the time of Nagel's conviction, and Nagel's defense counsel was well within prevailing professional norms by declining to argue to the contrary.

Accordingly, Nagel cannot demonstrate ineffective assistance of counsel because his attorney's representation did not fall below an objective standard of reasonableness or prejudice Nagel in any way. Therefore, Nagel does not merit relief under § 2255 based on the performance of his trial counsel.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct

in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that petitioner be and the same is hereby DENIED a Certificate of Appealability; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED;

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge